**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| INTERNATIONAL LICENSE EXCHANGE OF AMERICA, LLC<br><br>Plaintiff,<br><br>v.<br><br>TELEFONAKTIEBOLAGET LM ERICSSON, ERICSSON HOLDING II INC. and ERICSSON INC.,<br><br>Defendants. | **Civil Action No. ______________**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff International License Exchange of America ("ILEA" or "Plaintiff"), for its Complaint against Defendants Telefonaktiebolaget LM Ericsson ("Ericsson"), Ericsson Inc. ("Ericsson USA"), and Ericsson Holding II Inc. ("Ericsson Holding"), (individually each a "Defendant" and collectively "Defendants"), alleges the following:

## NATURE OF THE ACTION

1. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

## THE PARTIES

2. Plaintiff is a corporation organized under the laws of the State of Delaware with a place of business at 10 Balligomingo Rd., West Conshohocken, PA 19428.

3. Upon information and belief, Ericsson is a corporation organized and existing under the laws of Sweden, with a place of business at Torshamnsgatan 21, Kista, Stockholm, 164 83 Sweden, can be served through its registered office at Telefonaktiebolaget LM Ericsson SE-164

83 Stockholm, Sweden. Upon information and belief, Ericsson sells and offers to sell products and services throughout the United States, including in this judicial district, and introduces products and services that into the stream of commerce and that incorporate infringing technology knowing that they would be sold in this judicial district and elsewhere in the United States.

4. Upon information and belief, Ericsson USA is a corporation organized and existing under the laws of Delaware, U.S., with a place of business at 6300 Legacy Dr., Plano, TX 75024, and may be served through its service agents at Capitol Services, Inc., 1675 S. State St., Suite B, Dover, DE 19901. Upon information and belief, Ericsson USA sells and offers to sell products and services throughout the United States, including in this judicial district, and introduces products and services that into the stream of commerce and that incorporate infringing technology knowing that they would be sold in this judicial district and elsewhere in the United States.

5. Upon information and belief, Ericsson Holding is a corporation organized and existing under the laws of Delaware, with a place of business at 6300 Legacy Dr., Plano TX 75024, and may be served through its service agents at Capitol Services, Inc., 1675 S. State St., Suite B, Dover DE 19901. Upon information and belief, Ericsson Holding sells and offers to sell products and services throughout the United States, including in this judicial district, and introduces products and services that into the stream of commerce and that incorporate infringing technology knowing that they would be sold in this judicial district and elsewhere in the United States.

## JURISDICTION AND VENUE

6. This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

7. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

8. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), (c), (d) and/or 1400(b). On information and belief, each Defendant conducts business in this District, the claims alleged in this Complaint arise in this District, and the acts of infringement have taken place and are continuing to take place in this District.

9. On information and belief, each Defendant is subject to this Court's general and specific personal jurisdiction because each Defendant has sufficient minimum contacts within the State of Delaware and this District, pursuant to due process and/or the Delaware Long Arm Statute because each Defendant purposefully availed itself of the privileges of conducting business in the State of Delaware and in this District, because each Defendant regularly conducts and solicits business within the State of Delaware and within this District, and because Plaintiff's causes of action arise directly from each Defendant's business contacts and other activities in the State of Delaware and this District. Further, this Court has personal jurisdiction over Ericsson USA and Ericsson Holding because they are incorporated in Delaware and have purposely availed themselves of the privileges and benefits of the laws of the State of Delaware.

**COUNT I – INFRINGEMENT OF U.S. PATENT NO. RE40,999**

10. The allegations set forth in the foregoing paragraphs 1 through 9 are incorporated into this First Claim for Relief.

11. On November 24, 2009, U.S. Patent No. RE40,999 ("the '999 patent"), entitled "VLAN Frame Format," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '999 patent is attached as Exhibit 1.

12. The inventive embodiments of the '999 patent resolve technical problems related to virtual local area network ("VLAN") and methods to format a data frame in VLAN network devices.

13. The claims of the ’999 patent do not merely recite the performance of some business practice known from the pre-Internet world along with a requirement to perform it on the Internet. Instead, the claims of the ’999 patent recite one or more inventive concepts that are rooted in computerized electronic data communications networks, and an improved method operate such networks and to maintain the interoperability of different physical configurations of such networks.

14. The claims of the ’999 patent recite an invention that is not merely the routine or conventional use of electronic devices for communications. Instead, for example, the invention adds new features to integrate Ethernet and other protocols together on a shared network. The ’999 patent claims thus include improvements for, for example, formatting data frames to yield a desired result.

15. The technology claimed in the ’999 patent does not preempt all ways of using computerized devices or transmitting information over networks, nor preempt any other well-known or prior art technology.

16. Accordingly, each claim of the ’999 patent recites a combination of elements sufficient to ensure that the claim in practice amounts to significantly more than a patent on an ineligible concept.

17. Plaintiff is the assignee and owner of the right, title and interest in and to the ’999 patent, including the right to assert all causes of action arising under the patents and the right to any remedies for infringement of them.

18. Upon information and belief, each Defendant had and continued to directly infringe at least claims 1, 7, 11 and 12 of the ’999 patent by having made, used, sold, imported and/or provided and caused to be used without authority within the United States, a method to

format a data frame in VLAN network devices; for example, depending on the physical configuration of a VLAN, the embodiments include a method to adjust the format of a data frame to reflect the characteristics of the particular physical configuration of the VLAN (the "'999 Accused Instrumentalities"). The '999 Accused Instrumentalities include at least Ericsson End-to-End Solutions including Ethernet switches (*e.g*. ES-5652X, ES-2000, ES-2026, ES-3000, ES-4500, ES-4600 series switches, SE100 or SmartEdge 100, ECN320/ECN330), switching platforms (*e.g*. Marconi OMS 1600 Optical Multi-Service Metro), and aggregation nodes (*e.g*. Mini-Link SP310, SP-415, SP420) and Ericsson/Aastra VOIP or handsets or IP-Phone that support and/or complies with IEEE 802.1Q that reads on the following '999 patent claims.

19. In particular, claim 1 of the '999 patent generally recites a method of identifying a virtual network associated with a data frame when transmitting the data frame between a communications medium and a shared communications medium; where the method comprises: a) receiving the data frame from the communications medium, where the data frame includes a first type field and a data field; b) inserting a second type field at a location within the data frame preceding the first type field, a value of the second type field indicating the data frame include a virtual network identifier field, c) inserting the virtual network identifier field at a location between the second type field and the first type field; d) assigning a first value to the virtual network identifier field, the first value corresponding to the virtual network; and e) transmitting the data frame over the shared communications medium.

20. On information and belief, use of the '999 Accused Instrumentalities read on and infringe at least claim 1 of the '999 patent. (*See, e.g.*: www.ericsson.com/news/130318-common-os-across-ip-products_244129229_c;
www.ericsson.com/res/site_US/docs/2014/connections/iPECS-ES-5652X-DataSheet.pdf;

www.ericsson.com/us/yourbusiness/connecting-business/switches (and datasheets therein); www.ericsson.com/ourportfolio/products/se100?nav=productcategory004%7Cfgb_101_0192%7Cfgb_101_647; www.ericsson.com/ourportfolio/products/marconi-oms-1600?nav=productcategory004%7Cfgb_101_053%7Cfgb_101_0309; archive.ericsson.net/service/internet/picov/get?DocNo=28701-EN/LZT1105213&Lang=EN&HighestFree=Y; archive.ericsson.net/service/internet/picov/get?DocNo=28701-EN/LZT1105219&Lang=EN&HighestFree=Y; archive.ericsson.net/service/internet/picov/get?DocNo=28701-EN/LZT1105220&Lang=EN&HighestFree=Y; https://pcloadletter.co.uk/2010/12/16/configuring-ericsson-handsets-by-dhcp/; www.ericsson.com/ourportfolio/products/sp?nav=productcategory004%7Cfgb_101_0463; https://www.manualslib.com/manual/742171/Ericsson-Ecn330.html?page=278. *Also see* the IEEE Standard for Local and metropolitan area networks: Media Access Control (MAC) Bridges and Virtual Bridge Local Area Networks, IEEE Std 802.1QTM-2011 (Revision of IEEE Std 802.1Q-2005), 31 August 2011 (*e.g.* p. 1, 23, 98, 103-105, 149-150, 1269); IEEE Std 802.1QTM-2014; and IEEE Std 802.3TM-2012 (*e.g.* p. 53); IEEE 802.1Q VLAN Tutorial (Graham Shaw, *available at* http://www.microhowto.info/tutorials/802.1q.html, accessed April 4, 2016).)

21. Claim 7 of the ’999 patent generally recites the method of identifying a virtual network associated with a data frame when transmitting the data frame between a communications medium and a shared communications medium, where the method comprises: a) receiving the data frame from the communications medium, the data frame including a length

field and a data field; b) inserting a type field at a location within the data frame preceding the length field, a value of the type field indicating the data frame includes a virtual network identifier field; c) inserting the virtual network identifier field at a location between the type field and the length field, d) assigning a first value to the virtual network identifier field, the first value corresponding to the virtual network; and e) transmitting the data frame over the shared communications medium.

22. On information and belief, use of the '999 Accused Instrumentalities read on and infringe at least claim 7 of the '999 patent. (*See*, *e.g.*: www.ericsson.com/news/130318-common-os-across-ip-products_244129229_c; www.ericsson.com/res/site_US/docs/2014/connections/iPECS-ES-5652X-DataSheet.pdf; www.ericsson.com/us/yourbusiness/connecting-business/switches (and datasheets therein); www.ericsson.com/ourportfolio/products/se100?nav=productcategory004%7Cfgb_101_0192%7Cfgb_101_647; www.ericsson.com/ourportfolio/products/marconi-oms-1600?nav=productcategory004%7Cfgb_101_053%7Cfgb_101_0309; archive.ericsson.net/service/internet/picov/get?DocNo=28701-EN/LZT1105213&Lang=EN&HighestFree=Y; archive.ericsson.net/service/internet/picov/get?DocNo=28701-EN/LZT1105219&Lang=EN&HighestFree=Y; https://pcloadletter.co.uk/2010/12/16/configuring-ericsson-handsets-by-dhcp/; archive.ericsson.net/service/internet/picov/get?DocNo=28701-EN/LZT1105220&Lang=EN&HighestFree=Y; www.ericsson.com/ourportfolio/products/sp?nav=productcategory004%7Cfgb_101_0463. *Also see* the IEEE Standard for Local and metropolitan area networks: Media Access Control (MAC)

Bridges and Virtual Bridge Local Area Networks, IEEE Std 802.1QTM-2011 (Revision of IEEE Std 802.1Q-2005), 31 August 2011 (*e.g.* p. 1, 23, 98, 103-105, 149-150, 1269); IEEE Std 802.1QTM-2014; and IEEE Std 802.3TM-2012 (*e.g.* p. 53); IEEE 802.1Q VLAN Tutorial (Graham Shaw, *available at* http://www.microhowto.info/tutorials/802.1q.html, accessed April 4, 2016).)

23. Claim 11 of the ’999 patent generally recites, in a network device, a method of transmitting a virtual network identifier in a data frame transmitted on a shared communications medium coupled to the network device, comprising: a) transmitting a preamble field, b) transmitting a destination and source media access control address field; c) transmitting a first type field whose contents indicate the virtual network identifier is present in the data frame; d) transmitting a virtual network identifier field containing the virtual network identifier; e) transmitting a second type field whose contents indicate a protocol type associated with the data frame; and, f) transmitting a data field.

24. On information and belief, use of the ‘999 Accused Instrumentalities read on and infringe at least claim 11 of the ’999 patent. (*See*, *e.g.*: www.ericsson.com/news/130318-common-os-across-ip-products_244129229_c; www.ericsson.com/res/site_US/docs/2014/connections/iPECS-ES-5652X-DataSheet.pdf; www.ericsson.com/us/yourbusiness/connecting-business/switches (and datasheets therein); www.ericsson.com/ourportfolio/products/se100?nav=productcategory004%7Cfgb_101_0192%7Cfgb_101_647; www.ericsson.com/ourportfolio/products/marconi-oms-1600?nav=productcategory004%7Cfgb_101_053%7Cfgb_101_0309; archive.ericsson.net/service/internet/picov/get?DocNo=28701-EN/LZT1105213&Lang=EN&HighestFree=Y;

archive.ericsson.net/service/internet/picov/get?DocNo=28701-EN/LZT1105219&Lang=EN&HighestFree=Y; archive.ericsson.net/service/internet/picov/get?DocNo=28701-EN/LZT1105220&Lang=EN&HighestFree=Y; https://pcloadletter.co.uk/2010/12/16/configuring-ericsson-handsets-by-dhcp/; www.ericsson.com/ourportfolio/products/sp?nav=productcategory004%7Cfgb_101_0463. *Also see* the IEEE Standard for Local and metropolitan area networks: Media Access Control (MAC) Bridges and Virtual Bridge Local Area Networks, IEEE Std 802.1QTM-2011 (Revision of IEEE Std 802.1Q-2005), 31 August 2011 (*e.g.* p. 1, 23, 98, 103-105, 149-150, 1269); IEEE Std 802.1QTM-2014; and IEEE Std 802.3TM-2012 (*e.g.* p. 53); IEEE 802.1Q VLAN Tutorial (Graham Shaw, *available at* http://www.microhowto.info/tutorials/802.1q.html, accessed April 4, 2016).)

25. Claim 12 of the '999 patent generally recites the method of claim 11, wherein the virtual network identifier field is 4 bytes.

26. On information and belief, use of the '999 Accused Instrumentalities read on and infringe at least claim 12 of the '999 patent. (*See*, *e.g.*, the IEEE Standard for Local and metropolitan area networks: Media Access Control (MAC) Bridges and Virtual Bridge Local Area Networks, IEEE Std 802.1QTM-2011 (Revision of IEEE Std 802.1Q-2005), 31 August 2011 (*e.g.* p. 1, 23, 98, 103-105, 149-150, 1269); IEEE Std 802.1QTM-2014; and IEEE Std 802.3TM-2012 (*e.g.* p. 53); IEEE 802.1Q VLAN Tutorial (Graham Shaw, *available at* http://www.microhowto.info/tutorials/802.1q.html, accessed April 4, 2016).)

27. On information and belief, these ’999 Accused Instrumentalities were used, marketed, provided to, and/or used by or for each Defendant’s partners, clients, customers and end users across the country and in this District.

28. Upon information and belief, each Defendant was made aware of the parent patents of the ’999 patent and its infringement thereof during the prosecution of certain of each Defendant’s patents. The ’999 patent is a reissue of the Patent No. 6,111,876 (the “’876 patent”), both having the same disclosure and including identical or substantially identical claims. The examiner cited the ’876 patent during the prosecution of each Defendant’s U.S. Patent No. 8,811,409. Further, during the prosecution of each Defendant’s U.S. Patent No. 7,260,648, the examiner cited Patent No. 5,959,990 (the “’990 patent”). The ’990 patent is the parent of the ’876 patent, having substantively the same disclosure and including certain claims similar to the ’999 patent.

29. Upon information and belief, since at least the time each Defendant received notice, each Defendant had induced and continued to induce others to infringe at least one claim of the ’999 patent under 35 U.S.C. § 271(b), for example, and with specific intent or willful blindness, by actively aiding and abetting others to infringe, including but not limited to each Defendant’s partners, clients, customers, and end users, whose use of the ’999 Accused Instrumentalities constitutes direct infringement of at least one claim of the ’999 patent.

30. In particular, each Defendant’s actions that aided and abetted others such as its partners, customers, clients, and end users to infringe include using, advertising and distributing the ’999 Accused Instrumentalities and providing instruction materials, training, and services regarding the ’999 Accused Instrumentalities. On information and belief, each Defendant had engaged in such actions with specific intent to cause infringement or with willful blindness to the

resulting infringement because each Defendant has had actual knowledge of the ’999 patent and knowledge that its acts were inducing infringement of the ’999 patent since at least the date each Defendant received notice that such activities infringed the ’999 patent.

31. Upon information and belief, each Defendant was liable as a contributory infringer of the ’999 patent under 35 U.S.C. § 271(c) by having offered to sell, sold and imported into the United States devices and platforms to be especially made or adapted for use in an infringement of the ’999 patent. The ‘999 Accused Instrumentalities are a material component for use in practicing the ’999 patent and are specifically made and are not a staple article of commerce suitable for substantial non-infringing use.

32. On information and belief, each of each Defendants’ infringement had been and continued to be willful.

33. Plaintiff has been harmed by each Defendant’s infringing activities.

**COUNT II – INFRINGEMENT OF U.S. PATENT NO. 5,959,990**

34. The allegations set forth in the foregoing paragraphs 1 through 33 are incorporated into this Second Claim for Relief.

35. On September 28, 1999, U.S. Patent No. 5,959,990 (“the ’990 patent”), entitled “VLAN Frame Format,” was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the ’990 patent is attached as Exhibit 2.

36. The inventive embodiments of the ’990 patent resolve technical problems related to virtual local area network (“VLAN”) and methods to format a data frame in VLAN network devices.

37. The claims of the ’990 patent do not merely recite the performance of some business practice known from the pre-Internet world along with a requirement to perform it on

the Internet. Instead, the claims of the ’990 patent recite one or more inventive concepts that are rooted in computerized electronic data communications networks, and an improved method operate such networks and to maintain the interoperability of different physical configurations of such networks.

38. The claims of the ’990 patent recite an invention that is not merely the routine or conventional use of electronic devices for communications. Instead, for example, the invention adds new features to integrate Ethernet and other protocols together on a shared network. The ’990 patent claims thus include improvements for, for example, formatting data frames to yield a desired result.

39. The technology claimed in the ’990 patent does not preempt all ways of using computerized devices or transmitting information over networks, nor preempt any other well-known or prior art technology.

40. Accordingly, each claim of the ’990 patent recites a combination of elements sufficient to ensure that the claim in practice amounts to significantly more than a patent on an ineligible concept.

41. Plaintiff is the assignee and owner of the right, title and interest in and to the ’990 patent, including the right to assert all causes of action arising under the patents and the right to any remedies for infringement of them.

42. Upon information and belief, each Defendant had and continued to directly infringe at least claim 1 of the ’990 patent by having made, used, sold, imported and/or provided and caused to be used without authority within the United States, a method to transmit a data frame in VLAN network devices; for example, depending on the physical configuration of a VLAN, the embodiments include a system to transmit a formatted data frame to reflect the

characteristics of the particular physical configuration of the VLAN (the "'990 Accused Instrumentalities"). The '990 Accused Instrumentalities include at least Ericsson End-to-End Solutions including Ethernet switches (*e.g*. ES-5652X, ES-2000, ES-3000, ES-4500, ES-4600 series switches, SE100 or SmartEdge 100, ES-2026, ECN320/ECN330), switching platforms (*e.g*. Marconi OMS 1600 Optical Multi-Service Metro), and aggregation nodes (*e.g*. Mini-Link SP310, SP-415, SP420) and Ericsson/Aastra VOIP or handsets or IP-Phone that support and/or complies with IEEE 802.1Q that reads on the following '999 patent claims.

43. In particular, claim 1 of the '990 patent generally recites a method in a network device. The method includes transmitting, on a shared communications medium coupled to the network device, a data frame associated with a virtual network, comprising the steps of: a) transmitting a data frame having a type field whose contents indicate the data frame comprises a virtual network identifier field; and, b) transmitting the virtual network identifier field whose contents indicate the virtual network associated with the data frame.

44. On information and belief, use of the '990 Accused Instrumentalities read on and infringe at least claim 1 of the '990 patent. (*See*, *e.g.*: www.ericsson.com/news/130318-common-os-across-ip-products_244129229_c; www.ericsson.com/res/site_US/docs/2014/connections/iPECS-ES-5652X-DataSheet.pdf; www.ericsson.com/us/yourbusiness/connecting-business/switches (and datasheets therein); www.ericsson.com/ourportfolio/products/se100?nav=productcategory004%7Cfgb_101_0192%7Cfgb_101_647; www.ericsson.com/ourportfolio/products/marconi-oms-1600?nav=productcategory004%7Cfgb_101_053%7Cfgb_101_0309; archive.ericsson.net/service/internet/picov/get?DocNo=28701-EN/LZT1105213&Lang=EN&HighestFree=Y;

archive.ericsson.net/service/internet/picov/get?DocNo=28701-EN/LZT1105219&Lang=EN&HighestFree=Y; archive.ericsson.net/service/internet/picov/get?DocNo=28701-EN/LZT1105220&Lang=EN&HighestFree=Y; https://pcloadletter.co.uk/2010/12/16/configuring-ericsson-handsets-by-dhcp/; www.ericsson.com/ourportfolio/products/sp?nav=productcategory004%7Cfgb_101_0463; https://www.manualslib.com/products/Ericsson-Ecn330-3363770.html; https://www.smallnetbuilder.com/lanwan/lanwan-reviews/31367-lg-ericsson-es-2026-smart-switch-reviewed. *Also see* the IEEE Standard for Local and metropolitan area networks: Media Access Control (MAC) Bridges and Virtual Bridge Local Area Networks, IEEE Std 802.1QTM-2011 (Revision of IEEE Std 802.1Q-2005), 31 August 2011 (*e.g.* p. 1, 23, 98, 103-105, 149-150, 1269); IEEE Std 802.1QTM-2014; and IEEE Std 802.3TM-2012 (*e.g.* p. 53); IEEE 802.1Q VLAN Tutorial (Graham Shaw, *available at* http://www.microhowto.info/tutorials/802.1q.html, accessed April 4, 2016).)

45. On information and belief, these ’990 Accused Instrumentalities were used, marketed, provided to, and/or used by or for each Defendant’s partners, clients, customers and end users across the country and in this District.

46. Upon information and belief, each Defendant was made aware of the ’990 patent and its infringement thereof during the prosecution of certain of Defendants’ own patents. The ’999 patent is a reissue of the Patent No. 6,111,876 (the “’876 patent”), both having the same disclosure and including identical or substantially identical claims. The examiner cited the ’876 patent during the prosecution of each Defendant’s U.S. Patent No. 8,811,409. Further, during the prosecution of each Defendant’s U.S. Patent No. 7,260,648, the examiner cited Patent No.

5,959,990 (the "'990 patent"). The '990 patent is the parent of the '876 patent, having substantively the same disclosure and including certain claims similar to the '999 patent.

47. Upon information and belief, since at least the time each Defendant received notice, each Defendant had induced and continued to induce others to infringe at least one claim of the '990 patent under 35 U.S.C. § 271(b), for example, and with specific intent or willful blindness, by actively aiding and abetting others to infringe, including but not limited to each Defendant's partners, clients, customers, and end users, whose use of the '990 Accused Instrumentalities constitutes direct infringement of at least one claim of the '990 patent.

48. In particular, each Defendant's actions that aided and abetted others such as its partners, customers, clients, and end users to infringe include using, advertising and distributing the '990 Accused Instrumentalities and providing instruction materials, training, and services regarding the '990 Accused Instrumentalities. On information and belief, each Defendant had engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement because each Defendant has had actual knowledge of the '990 patent and knowledge that its acts were inducing infringement of the '990 patent since at least the date each Defendant received notice that such activities infringed the '990 patent.

49. Upon information and belief, each Defendant was liable as a contributory infringer of the '990 patent under 35 U.S.C. § 271(c) by having offered to sell, sold and imported into the United States devices to be especially made or adapted for use in an infringement of the '990 patent. The '990 Accused Instrumentalities are a material component for use in practicing the '990 patent and are specifically made and are not a staple article of commerce suitable for substantial non-infringing use.

50. On information and belief, each of each Defendants' infringement has been and continues to be willful.

51. Plaintiff has been harmed by each Defendant's infringing activities.

52. Because the '999 patent family is necessary to practice the IEEE 802.1Q standards technology, ILEA agrees to license users of IEEE 802.1Q technology under the '999 patent family on reasonable, and non-discriminatory (RAND) terms. ILEA intends to abide by such terms by furnishing a courtesy copy of this Complaint upon filing, in advance of service, so that the Parties may amicably agree to such a RAND royalty. ILEA intends to negotiate such RAND terms in good faith, and will be amenable to a delay of service and/or an immediate stay of the matter if Defendant also negotiates in good faith, so that no party need bear any unnecessary cost or expense. If Defendant contests the obligation to abide by such terms, through action or inaction, then Plaintiff shall proceed against Defendant as an unwilling licensee and pursue the highest damages and/or other relief available under the law.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues triable as such.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment for itself and against each Defendant as follows:

A. An adjudication that each Defendant has infringed the '999 and '990 patents;

B. An award of damages to be paid by each Defendant adequate to compensate Plaintiff for each Defendant's past infringement of the '999 and '990 patents, and any continuing or future infringement through the date such judgment is entered, including interest, costs,

expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C. A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Plaintiff's reasonable attorneys' fees; and

D. An award to Plaintiff of such further relief at law or in equity as the Court deems just and proper.

Dated: May 4, 2017

DEVLIN LAW FIRM LLC

*/s/ Timothy Devlin*
Timothy Devlin (#4241)
tdevlin@devlinlawfirm.com
1306 N. Broom St., 1st Floor
Wilmington, Delaware 19806

Telephone: (302) 449-9010
Facsimile: (302) 353-4251

*Attorneys for Plaintiff*
*International License Exchange of America, LLC*